UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BRITTANY BARNETT
     Plaintiff,

v.                             Case No.: 6:22-cv-1
MELBOURNE BEACH SUPERMARKET, INC
     a Florida Corporation, and
BASHAR ZUBI, an Individual
     Defendant
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY BARNETT, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, MELBOURNE BEACH SUPERMARKET, INC, a Florida Corporation, ("MBS"), and BASHAR ZUBI ("ZUBI") (Collectively, "Defendants") and states as follows:

### Introduction

1.    This is an action by the Plaintiff against her former employer for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### Parties, Jurisdiction, and Venue

2.    Plaintiff, BRITTANY BARNETT, is a resident of Brevard County, Florida

3.    Defendant, MBS is a Florida Corporation, registered and conducting business in Brevard County, Florida.

4.      At all times relevant to this action Defendant, ZUBI owned and operated MBS and regularly exercised the authority to: (a) hire and fire employees of MBS.; (b) determine the work schedules for the employees of MBS and (c) control the finances and operations of MBS. By virtue of having regularly exercised that authority on behalf of MBS, ZUBI is/was an employer as defined by 29 U.S.C. §201, et seq.

5.      Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

6.      At all times relevant, MBS was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

7.      At all times material hereto, Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

8.      All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

9.      Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent her interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

## General Allegations

10.    Plaintiff was a non-exempt, hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

11.    When Plaintiff was initially hired in May 2021, she was paid at a rate of $10.00 per hour, but she received a $0.50 raise in late July or early August, making her hourly rate $10.50 from that point through the end of her employment.

12.    Defendants were Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

13.    At all times relevant, MBS did business as a Supermarket located at 302 Ocean Ave, Melbourne Beach, FL 32951.

14.    Plaintiff was a non-exempt employee of Defendants working as a deli clerk at the Supermarket.

15.    During her tenure, Plaintiff's workweek ran from Wednesday through Tuesday.

16.    Plaintiff worked in excess of 40 hours during numerous workweeks but was not paid at a rate of time and one-half her regular rate of pay for each hour worked over 40 during those workweeks.

17.    During workweek ending July 13, 2021, Plaintiff was scheduled to work, and did work approximately 56 hours. Plaintiff was only paid $400.00 for

40 hours this workweek, thus resulting in 16 hours of unpaid overtime and $240.00 in damages.

18.     During workweek ending July 20, 2021, Plaintiff was scheduled to work, and did work approximately 55 hours. Plaintiff was only paid $400.00 for 40 hours this workweek, thus resulting in 15 hours of unpaid overtime and $225.00 in damages.

19.     Starting the workweek ending July 27, 2021, Defendants continued to schedule Plaintiff to work in excess of 40 hours but stopped documenting the number of hours worked per workweek on Plaintiff's paystubs.

20.      Instead, beginning the workweek ending July 27, 2021, Defendants only reported the gross amount paid on Plaintiff's paystubs.

21.     Between July 27, 2021, and the end of her employment in December 2021, Defendants only paid Plaintiff at her regular rate for all hours worked, including those hours worked in excess of 40 during a workweek.

22.     Based on the records available to her, Plaintiff estimates that she worked 240.05 hours of overtime between July 7 and December 7, 2021, for which she was not paid at a rate of time and one-half her regular rates of pay.

23.     As a result of Defendant only paying Plaintiff at her regular rate for those hours worked in excess of 40 hours during a workweek, Plaintiff has suffered unpaid overtime damages.

## COUNT I –
## RECOVERY OF OVERTIME COMPENSATION FLSA

24.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 of this Complaint, as if set forth in full herein.

25.     Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per week.

26.     During her employment with Defendants, Plaintiff worked 240.05 overtime hours but was not paid at a rate of time and one-half her regular rate for those hours.

27.     Plaintiff estimates that she was damages in the amount of $1,562.50 because of Defendants' failure to pay her overtime for those hours worked in excess of 40 during a workweek.

28.     Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

29.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which she may be entitled, including, but not limited to:

a) Judgment for unpaid overtime compensation in the amount of $1,562.50.

b) Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

c) An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

d) All other damages to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 3rd day of January 2022.

ARCADIER, BIGGIE & WOOD, PLLC

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Maurice Arcadier, Esquire
Florida Bar No. 0131180
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: Office@abwlegal.com
Secondary Email: Wood@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075